# ACI LAW GROUP, PC

6 Centerpointe Drive, Ste. 630, La Palma, CA 90623
Telephone:  714.522.3300 * Facsimile:  714.522.3700 * E-mail: pa@acilawgroup.com
www.acilawgroup.com

April 13, 2020

Hon. Naomi Reice Buchwald, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

*Danuri Tex Co., Ltd. v. Yoco, Inc. et al.*
*Case No.  1:19-cv-09187-NRB*

Dear Judge Buchwald:

     Pursuant to the Court's Individual Practices this letter is submitted with Plaintiff Danuri Tex Co., Ltd.'s Notice of Motion and Motion to File First Amended Complaint and Join Hun C. Park as a Defendant.  The purpose of Plaintiff's motion is twofold: 1) to change the name of Plaintiff to reflect a change in its corporate name to Meridian Global Co., Ltd.; and 2) to amend Plaintiff's alter ego allegations to join Hun C. Park as an individual defendant and the alter ego of the corporate Defendants.

1.     Amendment of Plaintiff's Name:

     Leave to amend a pleading should be freely granted when justice so requires. *Fed.R.Civ.P.* 15(a).  In this case Plaintiff's name change is a mere technicality and should be allowed.   See *Compu-Blend Corp. v. Phillips 66 Co.*, 1988 U.S. Dist. LEXIS 11318,*3 (D. Kan. 1988).

2.     Amendment of Alter Ego Allegations and Joinder of Hun C. Park as a Defendant:

     To the extent that a proposed amendment would add new parties, the motion is technically governed by *Fed.R.Civ.P.* Rule 21, which provides that "the court may at any time, on just terms, add or drop a party," rather than *Fed.R.Civ.P.* Rule 15(a).  *FTD Corp. v. Banker's Trust Co*., 954 F. Supp. 106, 109 (S.D.N.Y. 1997). However, "'the same standard of liberality' applies under either Rule." *FTD Corp. v. Banker's Trust Co., supra*, 954 F.Supp. at 109.

     Your Honor's opinion in the case *Shanghai Join Buy Co. v. PSTEX Group, Inc*., No. 05 Civ. 3766 (NRB), 2006 U.S. Dist. LEXIS 55723 (S.D.N.Y. Aug. 10, 2006) discusses the

'*Passalacqua* factors'[1] to determine whether an individual dominated a corporation. In this case Plaintiff alleges that Hun C. Park operated the corporate Defendants Yoco, Inc. and M.A.X. Sports Enterprise, Inc. as a single company through which he operated as a middleman between foreign garment manufacturers and domestic retail sellers such as One Step Up. Plaintiff alleges Hun C. Park is presently operating the same business at the same address though a newly acquired corporate name.

In addition to corporate domination Plaintiff alleges Hun C. Park used such domination to commit a fraud or wrong that injured Plaintiff. *American Fuel Corp. v. Utah Energy Dev. Co.,* 122 F.3d 130, 134 (2d Cir. 1997). In addition to operating the same business at the same address though a newly acquired corporate name, Plaintiff alleges that Hun C. Park received full payment from his retailer buyer One Step Up for the garments shipped by Plaintiff. Rather than pay Plaintiff upon receipt of payment from One Step Up as was the Parties' longstanding agreement and practice, Defendants Yoco, Inc. and M.A.X. Sports Enterprise, Inc. failed to pay Plaintiff. Defendants presently maintain that Defendants Yoco, Inc. and M.A.X. Sports Enterprise, Inc. are functionally insolvent. Defendants actions amount to a conversion of Plaintiff's garments and fraud upon them. Plaintiff submits that its allegations set forth a colorable alter ego claim as to Hun C. Park for pleading purposes. Additionally, Plaintiff believes that discovery will uncover further personal use of the corporate property of the now insolvent Defendants Yoco, Inc. and M.A.X. Sports Enterprise, Inc. by Hun C. Park.

Respectfully,

ACI LAW GROUP, PC

John A. Axtell
Attorney for Plaintiff Danuri Tex Co., Ltd.
Admitted Pro Hac Vice
john@acilawgroup.com
ja
cc: Andrew D. Grossman, counsel for Defendants Yoco, Inc.
and M.A.X. Sports Enterprise, Inc. via ECF agrossman@rhakimlaw.com

Dayton P. Haigney, counsel for Plaintiff Danuri, Inc. via ECF DPHLAW@msn.com

---

[1] *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131, 138 (2d Cir. 1991)