UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DANURI TEX CO., LTD,

               Plaintiff,

      - against -

YOCO INC., M.A.X. SPORTS ENTERPRISE
INC., and DOES 1 to 10,

               Defendants.
------------------------------------X

**MEMORANDUM AND ORDER**

19 Civ. 9187 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff brought this action to collect payment for the garments it sold to defendants.  Before the Court is the plaintiff's motion for leave to amend the complaint to change the name of plaintiff and to add an alter ego claim against the alleged owner of defendants.  For the following reasons, the plaintiff's motion is granted in part and denied in part.

## I.   <u>Change of Plaintiff's Name</u>

    At the outset, we address the plaintiff's request to change its name from "Danuri Tex Co., Ltd." to "Meridian Global Co., Ltd. f/k/a Danuri Tex Co., Ltd.", citing the change of its corporate name under the laws of the Republic of Korea, where it is incorporated.  This is a mere technicality, and defendants do not oppose this technical amendment.  Accordingly, this portion of the plaintiff's motion is granted.

## II.   **Background**[1]

A.   **Garment Orders at Issue**

Plaintiff Meridian Global Co., Ltd. ("Meridian") is a garment and textile supplier incorporated in the Republic of Korea.  See Proposed Am. Comp. (ECF No. 36-1) ¶¶ 1, 7.  Defendants Yoco Inc. and M.A.X. Sports Enterprise Inc. (collectively, "Corporate Defendants")[2] are New York corporations that operate as middlemen, purchasing garments from suppliers and selling them to national retailers.  Id. at ¶¶ 2, 3, 7.

At issue in this action are a number of garment purchase orders that the Corporate Defendants placed with plaintiff.  Id. at ¶ 12.  Plaintiff issued invoices for those orders and delivered the ordered garments between September 2018 and May 2019.  Id. However, the Corporate Defendants have not paid those invoices, the amounts of which total $1,145,676.00.  Id. at ¶¶ 16, 17.

B.   **Proposed Individual Defendant**

In this motion, plaintiff seeks to add Hun C. Park as a defendant in the amended complaint, alleging that Park is an alter

---

[1]     The Court's inquiry in resolving this motion centers on futility, which in turn resembles an inquiry for a motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6). Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).  Therefore, the Court, in resolving this motion, "accept[s] as true all factual allegations in the [proposed amended] complaint and draw[s] all reasonable inferences in favor of plaintiff[]." City of Providence v. BATS Glob. Mkts., Inc., 878 F.3d 36, 48 (2d Cir. 2017).
[2]     Plaintiff alleges and defendants do not seriously dispute that the two Corporate Defendants are alter egos of each other. See Defs. Mem. of Law in Opp'n (ECF No. 33) at 5-6.

ego of the Corporate Defendants.  According to plaintiff, Park was the principal owner, employee, officer, and director of the Corporate Defendants throughout the time plaintiff dealt with the Corporate Defendants.  See Proposed Am. Compl. ¶ 7.  Park also had "sole and complete discretion whether purchase orders and invoices were made in the name of" either of the two Corporate Defendants. Id.

C.  **Procedural History**

Plaintiff commenced this action on August 27, 2019 by filing a complaint ("Complaint") in the United States District Court for the Central District of California.  See ECF No. 1.  Pursuant to a stipulation by the parties, this case was transferred to this District, see ECF No. 17, and was assigned to this Court on October 4, 2019.

The Court held an initial pretrial conference on December 2, 2019.  See ECF No. 25.  Given the straightforward nature of the claims asserted by plaintiff, the Court raised the possibility of settlement at the conference.  However, on January 13, 2020, the parties reported to the Court that their settlement discussion had failed.  See ECF No. 26.  On January 27, 2020, the Court endorsed a case management schedule proposed by the parties, see ECF No. 27, and discovery commenced thereafter.  Consistent with the endorsed schedule, on March 6, 2020, plaintiff filed a pre-motion letter, proposing a motion for leave to amend the complaint, see

ECF No. 29, and defendants submitted a response on March 11, 2020.
See ECF No. 30.   After reviewing the parties' letters, the Court
granted plaintiff leave to make the proposed motion, see ECF No.
30, which plaintiff filed on April 13, 2020.   See ECF No. 32.

### III.   Discussion

A.   **Legal Standards**

1.   Federal Rule of Civil Procedure 21

Defendants oppose the plaintiff's motion to the extent it
seeks to add Park as a defendant.   While a motion for leave to
amend the complaint is generally governed by Federal Rule of Civil
Procedure 15(a), Rule 21 controls when the proposed amendment
involves adding a new party.   Rule 21 provides that, "[o]n motion
or on its own, the court may at any time, on just terms, add or
drop a party."   Fed. R. Civ. P. 21.   "In deciding whether to permit
joinder [under Rule 21], courts apply the same standard of
liberality afforded to motions to amend pleadings under Rule 15."
Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D.
408, 412 (S.D.N.Y. 2008) (internal quotation marks omitted).

Federal Rule of Civil Procedure 15(a)(2) provides that a court
"should freely give leave [to amend pleadings] when justice so
requires."   Whether to grant leave, however, is ultimately "within
the sound discretion of the district court," and a district court
may "deny leave for good reason, including futility, bad faith,

undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

Here, defendants oppose the proposed amendment to add Park as a defendant solely on the ground of futility. As discussed above, the Court's inquiry into the futility of proposed amendments resembles an inquiry for a motion to dismiss pursuant to the Federal Rule of Civil Procedure 12(b)(6). Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). Therefore, the Court "accept[s] as true all factual allegations in the [proposed amended] complaint and draw[s] all reasonable inferences in favor of plaintiff[]." City of Providence v. BATS Glob. Mkts., Inc., 878 F.3d 36, 48 (2d Cir. 2017). If the proposed amended complaint does not proffer "enough facts to state a claim for relief that is plausible on its face," a motion for leave to amend may be denied. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). In conducting this inquiry, "allegations that are conclusory are not entitled to be assumed true." Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020).

2.   Pleading an Alter Ego Claim under New York Law

Through the proposed amendments, plaintiff seeks to assert its claims against the Corporate Defendants against Park as well under a theory that Park is an alter-ego of the Corporate Defendants. This theory essentially asks us to pierce the corporate veil between Park and the Corporate Defendants. The

viability of the proposed amendments is evaluated under New York law because both of the Corporate Defendants are New York corporations.  See VFS Financing, Inc. v. Falcon Fifty LLC, 17 F. Supp. 3d 372, 381 (S.D.N.Y. 2014) ("New York's choice of law rules provide the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders.") (internal quotation marks omitted).

"New York law permits a plaintiff to pierce the corporate veil and sue a non-signatory for breach of contract when the non-party is an alter ego of one or more signatories." Javier v. Beck, No. 13 Civ. 2926 (WHP), 2014 WL 3058456, at *9 (S.D.N.Y. July 3, 2014) (internal quotation marks omitted).  However, the New York Court of Appeals has made it clear that "[t]hose seeking to pierce a corporate veil . . . bear a heavy burden." TNS Holdings, Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 339 (N.Y. 1998).  In the end, "[t]he concept is equitable in nature, and the decision whether to pierce the corporate veil in a given instance will depend on the facts and circumstances." Hyland Meat Co., Inc. v. Tsagarakis, 609 N.Y.S.2d 625, 626 (N.Y. App. Div. 2nd Dep't 1994).

"New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete dominion over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce

6

the veil." Am. Fuel Corp. v. Utah Energy Dev. Co., Inc., 122 F.3d 130, 134 (2d Cir. 1997). The Second Circuit has articulated a series of factors that a court may consider in determining whether the alleged alter ego exercised complete domination over the corporation at issue:

> (1) the absence of the formalities that are part of corporate existence (for example, the issuance of stock, election of directors, and keeping of corporate records); (2) inadequate capitalization; (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes; (4) overlaps in ownership, officers, directors and personnel; (5) common office space, address and telephone numbers; (6) the amount of business discretion displayed by the allegedly dominated corporation; (7) whether the related corporation dealt with its owner or other related corporations at arm's length; (8) whether the corporation was treated as an independent profit center; (9) the payment or guarantee of debts by the dominated corporation in favor of its owner or other related corporations; and (10) whether the corporation in question had property that was used by the owner just as though it belonged to the owner.

In re Stage Presence, Inc., 592 B.R. 292, 302-03 (Bankr. S.D.N.Y. 2018) (citing Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 139 (2d Cir. 1991)). "While complete domination of the corporation is the key to piercing the corporate veil, such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward the party seeking piercing is required." Am. Fuel Corp., 122 F.3d at 134.

B.   **Analysis**

1.   Exercise of Complete Domination

The allegations that plaintiff proposes to assert are insufficient to plead that Park exercised complete domination over the Corporate Defendants.  The proposed amended complaint simply does not proffer any fact that supports such an inference.  Contrary to the plaintiff's contention, the allegations in the proposed amended complaint instead focus on the alter-ego relationship between the two Corporate Defendants, which is not seriously disputed.  See Defs. Mem. of Law in Opp'n (ECF No. 33) at 5-6.

When considered together with the proposition that each of the Corporate Defendants is an alter-ego of the other, the proposed allegation that "Park had sole and complete discretion whether purchase orders and invoices were made in either the name of defendant Yoco or defendant M.A.X.," Proposed Am. Compl. ¶ 7, suggests no more than that Park placed orders on behalf of the Corporate Defendants.  Park's exercise of such authority without more is wholly insufficient to establish an exercise of complete domination.  Plaintiff's endeavor to cure the futility of proposed amendments by merely reciting the factors articulated by the Second Circuit is likewise insufficient.

In sum, the amendments proposed by plaintiff fail to adequately plead that Park exercised complete domination over the

Corporate Defendants and, therefore, are futile.  Hence, we deny the plaintiff's motion for leave to amend the complaint to add an alter ego claim.

### 2.   Use to Commit Fraud or Wrong

Even were we to assume that the proposed amended complaint alleged sufficient facts to infer Park's exercise of complete domination over the Corporate Defendants, plaintiff's motion would still be denied for its failure to adequately plead a wrong that Park committed with the Corporate Defendants requisite for piercing the corporate veil.  As discussed above, pleading of an alter-ego claim requires plaintiff to plead, in addition to an exercise of complete domination, that Park used the alleged domination to commit a fraud or wrong that injured plaintiff.  See supra at 6-7.  Plaintiff cites the Corporate Defendants' failure to pay for the garments they purchased from plaintiff as a predicate wrong for piercing the corporate veil between Park and the Corporate Defendants.  However, it is well established that, to pierce the corporate veil, "the claimed injustice must consist of more than merely the tort or breach of contact that is the basis of the plaintiff's lawsuit."  NetJets Aviation, Inc. v. LHC Comm., LLC, 537 F.3d 168, 183 (2d Cir. 2008).  The wrong cited by plaintiff is identical to the underlying cause of this action.  Therefore,

plaintiff has failed to adequately plead in the proposed amended complaint a requisite wrong for piercing the corporate veil.[3]

### IV.   <u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for leave to amend is granted in part and denied in part.  Plaintiff shall file an amended complaint consistent with this Memorandum and Order within fourteen (14) days.  This Memorandum and Order resolves ECF Docket Entry No. 34.

**SO ORDERED.**


Dated:      New York, New York
            August 14, 2020

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

---

[3]      Plaintiff requested oral argument pursuant to this Court's Individual Practices § 2.H.  The Court declines to hear oral argument on this motion given the legal bases on which the Court has resolved it.