UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERIDIAN GLOBAL CO., LTD., a Korea corporation, FKA Danuri Tex Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> YOCO INC., a New York corporation; M.A.X. SPORTS ENTERPRISE INC, a New York corporation; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. 19-cv-09187-(NRB)(OTW) <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES |

**FIRST AMENDED COMPLAINT**

Plaintiff MERIDIAN GLOBAL CO., LTD., a Korea corporation, FKA Danuri Tex Co., Ltd. ("MERIDIAN") in complaint alleges as follows:

1. Plaintiff MERIDIAN, is and was at all times herein a corporation organized under the laws of the Republic of Korea.

2. Defendant YOCO INC. ("YOCO"), is and was at all times herein a corporation organized under the laws of New York.

3. Defendant M.A.X. SPORTS ENTERPRISE, INC. ("M.A.X."), is and was at all times herein a corporation organized under the laws of New York.

4. Plaintiff does not know the true names of defendants DOES 1 through 10, inclusive, and therefore sues such defendants by such fictitious names, and upon such time as Plaintiff ascertains the true names of such fictitiously named DOE defendants, will amend this complaint to include such identities.  Plaintiff is informed and believes, and based thereon alleges, that each

of the defendants designated as a Doe is responsible in some manner for the events alleged herein and the damages caused thereby.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the defendants was an agent, employee, representative aider and abettor and/or co-conspirator of one or more of the remaining defendants and in doing the acts alleged was acting in the course and scope of such agency, employment, aiding and abetting and/or co-conspiracy. Each of the defendants has ratified the conduct of his, her or its agents, employees, and co-conspirators.

6. Plaintiff is informed and believes and thereon alleges that there is such unity of interest and ownership between Defendant YOCO and M.A.X. that the separate personalities of these Defendants no longer exist.  Plaintiff is informed and believes and thereon alleges that M.A.X. and YOCO were inadequately capitalized in light of their expected business obligations, commingled their individual assets and used funds and/or property for the other's purposes; diverted assets between each other; manipulated the assets and liabilities between YOCO, M.A.X., and related entities so as to concentrate all assets in one and all liabilities in another; that each exerts complete ownership, domination and control over the other; that they were individually formed as a mere "shell" for a single venture, or the business of each other and other related entities; that YOCO and M.A.X. disregarded legal formalities and failed to maintain arms' length relationships among related business entities; and that M.A.X. and YOCO used each other as a mere instrumentality to perpetrate a fraud upon Plaintiff.  If the acts hereinafter alleged are treated as those of M.A.X. and YOCO alone, an inequitable result will follow.  As such Plaintiff alleges that M.A.X. and YOCO are each alter egos of the other.

7. Jurisdiction is proper under 28 *U.S.C.* Sec. 1332(a)(2) because this matter arises between Plaintiff MERIDIAN, a citizen of a foreign state, and Defendants YOCO and M.A.X., who are citizens of the State of New York, and the amount in controversy is $1,145,676.00.

8. Venue is proper pursuant to 28 U.S.C. Sec. 1391(b)(2) because a substantial part of events giving rise to Plaintiff's claim occurred within the Southern District. In the alternative, venue is proper pursuant to 28 U.S.C. Sec. 1391(b)(1) because Defendants are subject to personal jurisdiction within the Southern District.

<u>FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT</u>

(Against Defendants)

9. Plaintiff realleges and incorporates Para. 1-8 above as though fully set forth.

10. Plaintiff MERIDIAN is a garment and textile supplier and Defendants YOCO and M.A.X. are merchants engaged in the business of buying and selling garments, including supplying national retailers such as One Step Up and T.J. Maxx. Within the last four years, the parties entered into a series of contracts evidenced by separate written purchase orders made by Defendants and separate written invoices respectively issued by Plaintiff, wherein Plaintiff sold and delivered garments to Defendants.

11. In order to deliver and receive garments, in most cases, the Parties used the freight forwarding services of MI Logix, Inc., located in the City of Vernon, County of Los Angeles, State of California, who issued bills of lading covering title to the goods and a contract of carriage.

12. Plaintiff sold and delivered each order of garments to Defendants, and Defendants accepted each order of garments from Plaintiff in full.

13. Plaintiff has performed all obligations owed by Plaintiff to Defendants except those waived or excused by Defendants.

14. Defendants have breached and failed to pay Plaintiff for the garments delivered to them under the subject purchase orders and invoices and carried under the subject bills of lading.

15. Plaintiff has been damaged by Defendants obligation to pay for garments sold and delivered in the principal amount of $1,145,676.00.

## SECOND CAUSE OF ACTION FOR COMMMON COUNTS

(Against Defendants)

16. Plaintiff realleges and incorporates Para. 1-15 above as though fully set forth.

17. Within the last 4 years Defendants have become indebted to Plaintiff for the reasonable and agreed upon value of goods, merchandise and/or services rendered to Defendants by Plaintiff, at the special insistence of Defendants. Said goods, merchandise and/or services arise out of Plaintiff's providing garments to Defendants.

18. Plaintiff has requested that Defendants pay the aforementioned debt and Defendants have failed and refused to do so.

19. Plaintiff has been damaged in the principal amount of $1,145,676.00.

## THIRD CAUSE OF ACTION FOR OPEN BOOK ACCOUNT

(Against Defendants)

20. Plaintiff realleges and incorporates Para. 1-19 above as though fully set forth.

21. Since August 2018, Plaintiff and Defendants entered into a series of financial transactions arising out of the sale and delivery of garments as alleged hereinabove, for which Plaintiff has kept a record of the debits and credits.

22. Plaintiff has requested that Defendants pay the aforementioned debt and Defendants have failed and refused to do so.

23. Defendants are indebted to Plaintiff on the open book account in the principal amount of $1,145,676.00.

**PRAYER FOR RELIEF**

WHEREFOR Plaintiff MERIDIAN prays the Court for judgment against Defendants YOCO and M.A.X. as follows:

1. For damages in an amount to be proven at time of trial but believed to be in excess of $1,145,676.00.

2. For incidental and consequential damages.

3. For reasonable attorneys' fees according to statute as applicable.

4. For such other and further relief as the Court may deem just and proper.

Dated: August 27, 2020                                         ACI LAW GROUP, PC

                                                               _____
                                                        By:    John A. Axtell
                                                               Attorneys for Plaintiff MERIDIAN
                                                               GLOBAL CO., LTD., a Korea corporation
                                                               FKA Danuri Tex Co., Ltd.